Mr. Chief Justice Cartter
delivered the opinion of the court.
If the subject before us were confined to the terms of the bond and the conduct of the parties with reference to it, it would be very difficult to imagine where an issue existed. The appointment was duly made; this bond was executed; Benjamin received all this money and paid it all out, and received three-eighths of one per cent, commission for doing it. It would be very difficult to find any delinquency in connection with the conduct of this trustee of the fund or of his sureties. It is not alleged, in point of fact, that there was any. He was employed contemporaneously with this appointment as disbursing agent of the War Department, as a superintendent of laborers on the public grounds. He discharged his duties apparently with satisfaction to his employer and received his pay; but it is urged here *283 that inasmuch as he did so, he ought not to receive it again as a disbursing officer; that the statute providing against duplicate compensation for labor or for salary intervenes to prevent it.
There is nothing disclosed in this declaration nor in the agreed statement of facts that intimates that these duties were incompatible with each other and must be carried on at the expense of the one or the other. There is nothing averred in the declaration or assigned in the argument that the separate duties discharged by this person were derivative one from the other, a protraction of the other, or correlative with each other; a distorting for the purposes of payment of one office into two.
It was that evil that Congress had in contemplation and provided against; and, as is said by Chief Justice Taney, if the duties are not incompatible with each other, there is no law prohibiting the duplication of duties, and upon that question we are all agreed. From the time of the decision in Converse vs. United States, 21 How., 410, where the question was fully examined by Chief Justice Taney, down to the last echo on that subject in the case of Meigs vs. United States, 19 Court of Claims, 497, that doctrine has traveled down through the courts to this hour.
We therefore affirm the decision of the court below.
For myself, I wish to give another reason which I think is perfectly unanswerable against the right of the Government to recover in this case. In this, not having deliberated with my brethren, I do not wish to be understood as giving their convictions.
This is an action brought against the administratrix of the surety upon a bond conditioned for the performance of the obligation of that bond. How is it that the surety is to be made responsible under his covenant for the performance of the obligation of this bond, that this man should not receive any money anywhere else? Is he to beheld responsible because the plaintiff, through the instrumentality and agency of its superintendent of public grounds, employed this man as a laborer and paid him? The proper *284 answer would be: Well, if you paid Mm wrongly, recover it back by pursuing him. But he has perfoimied his covenants under the bond upon which you bring your action here. He has paid out all of this money, and you agreed with this surety that under this bond he was entitled to retain three-eighths per cent, and you have no right now to ask the sureties to indemnify you for your blunders in paying him for doing work somewhere else where he ought not to be paid. The very assertion of the bond as a valid instrument, the assertion of the appointment as a valid appointment, the publication -of the terms of that appointment, and especially the compensation for the disbursement of the money, ought to estop the Government from saying to the sureties, “We made a mistake in employing-him elsewhere; we ought not to have paid him for that.” Very well, collect it back from him. You sue these sureties upon the letter of their obligation asserting its validity. They meet you and say that he has honestly disbursed every dollar of this money and was entitled to the three-eighths per cent, by doing so under the terms of the appointment which the bond pursued and that you are estopped from denying that he was entitled to it. Where is the dollar that he received that his contract did not permit him to receive? You are pursuing a surety then on what claim? Why the'claim that a man cannot receive compensation from the Government for divergent duties? Very well, collect it back, but do not collect it out of the sureties upon this bond, the covenants of which have all been kept.
To my mind, this is an unanswerable reply to any claim on the part of the Government set up against the sureties alone. It is not an action against the principal on the bond.
The judgment below, which was for the defendant, is affirmed,